IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–48–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ELIZABETH LOU FELT, | |
| Defendant. | |

Before the Court is Defendant Elizabeth Lou Felt's Motion for Early Termination of Supervised Release. (Doc. 57.) The Government does not oppose the motion. (Doc. 58 at 1.) Felt's probation officer supports early termination. For the reasons explained, the Court grants the motion.

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational,

1

vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Felt has served 12 months on supervision. For the past ten months, she has remained fully compliant with the terms of her supervision. (Doc. 58 at 3.) Despite early noncompliance with the conditions of living at a Residential Reentry Center, for which Felt was revoked, her probation officer informs the Court that Felt has found an alternate living arrangement which has supported her success on supervision over the past ten months. Considering the nature and circumstances of the Defendant, the Court is now persuaded that supervision is not necessary to protect the public from further crimes of the Defendant or to serve any further deterrent or rehabilitative effect. Accordingly,

IT IS ORDERED that the Motion (Doc. 57) is GRANTED. The term of supervised release imposed by the September 30, 2020 Judgment (Doc. 53) is TERMINATED as of July 31, 2021 and Felt is DISCHARGED from the sentence of supervised release as of that date.

DATED this 20th day of July, 2021.

_____
Dana L. Christensen, District Judge
United States District Court